# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY, ) ) ) ) | |
| Plaintiff, ) ) | NO. 3:16-cv-00689 |
| v. ) ) | CHIEF JUDGE CRENSHAW |
| LIEM CONSTRUCTION, INC., R.F. JONES CONSTRUCTION, LLC, and ASHLER OAKS, LLC d/b/a ROUNDTREE APARTMENTS, ) ) ) ) ) | |
| Defendants. ) | |

## ORDER

Defendants Liem Construction, Inc., ("Liem") and R.F. Jones Construction, LLC, ("R.F. Jones") failed to respond to Plaintiff Mount Vernon Fire Insurance Company's ("MVFIC") Complaint in this matter, and default was entered against them on June 21, 2016, and July 7, 2016, respectively. (Doc. Nos. 22–23.) On April 26, 2017, the Court granted MVFIC's Motion for Summary Judgment (Doc. No. 36) as to the only responsive Defendant, Ashler Oaks, LLC. (Doc. No. 54.) MVFIC thereafter filed Motions for Default Judgment against Liem and R.F. Jones. (Doc. Nos. 55 & 57.) No opposition to those motions having been filed, they are **GRANTED**. The Court's grant of declaratory relief to MVFIC is hereby made applicable to Liem and R.F. Jones: MVFIC has no duty to defend or indemnify any party in the underlying state court proceeding.

MVFIC asks the Court to go a step further and declare that the underlying MVFIC-issued insurance policy is void *ab initio*. As the Court explained in its Memorandum Opinion, however,

the only case or controversy before the Court is whether MVFIC has a duty to defend or indemnify in the state litigation—an issue that can be affirmatively resolved without ruling on the issue of voidness. (Doc. No. 53 at 10.) The Court, therefore, will not expand the substance of the declaratory relief already granted, and instead will merely expand that the scope of relief by holding it applicable to all named Defendants.

The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE